Intoxicating liquors ⊚⟶236(20)—Evidence that officers found whisky near spot noted as place where defendant threw it held to sustain conviction of transportation.

Evidence that officers, pursuing defendant in automobile saw him throw object out of car, and on returning found half gallon of whisky within 150 feet of point marked by one of officers with his eye while pursuing defendant, *held* to sustain conviction of transporting intoxicating liquor; the discrepancy in locating the exact spot not rendering evidence so uncertain as not to meet requirements demanded when circumstantial evidence is relied on.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Charlie Asher was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

V. L. Shurtleff, of Breckenridge, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for the transportation of intoxicating liquor; punishment being one year in the penitentiary.

The only question we are called on to consider under the record is the sufficiency of the evidence. Four officers in an automobile were driving north from the city of Breckenridge. They met appellant, also in a car going toward Breckenridge. The officers immediately turned their car and gave chase. By the time they turned their car, appellant was some 300 yards ahead of them. He was seen to throw something from the right side of the car. They did not stop at the point where they saw the object thrown out, but pursued appellant until he was overtaken and apprehended. A search of the car failed to reveal any intoxicating liquor. One of the officers took appellant on to Breckenridge, and the other three returned to search for the object which was thrown out. It was found and discovered to be a half gallon of whisky. One of the officers testified that he tried as best he could to mark with his eye the spot where the object was thrown out, and upon returning to the place the whisky was found within 150 feet of the point so marked by him.

Appellant insisted that this discrepancy in locating the exact spot rendered the evidence so uncertain that it does not meet the requirements demanded when circumstantial evidence is relied on. To this we cannot agree. Both cars were moving rapidly when the package was seen to leave appellant's car. Officer David testified that he and two other officers "went back to where this had been thrown out of the car; we went directly to the place, and found the package we saw him throw out." On cross-examination it developed that, when the whisky was found, all three of the officers were within 30 or 40 yards of one another, engaged in the search. Appellant did not testify himself, and offered no evidence bearing on the point under consideration. The testimony leaves no doubt in our mind that the whisky was thrown from the car by appellant, and we think it excludes every reasonable hypothesis save that of appellant's guilt.

The judgment is affirmed.

---

## DAILEY v. STATE. (No. 11281.)

Court of Criminal Appeals of Texas. Dec. 21, 1927.

Criminal law ⊚⟶572—Positive evidence by injured parties, identifying defendant as person committing robbery, held sufficient to sustain conviction against defense of alibi.

In prosecution for robbery, positive evidence by injured party that defendant was person who robbed his store and by another victim of robbery identifying defendant as the offender *held* sufficient to sustain conviction of defendant setting up defense of alibi.

Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge.

J. L. Dailey was convicted of robbery, and he appeals. Affirmed.

See, also, 106 Tex. Cr. R. 99, 291 S. W. 242.

Chaney & Perry and Baskett & De Lee, all of Dallas, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is robbery; punishment fixed at confinement in the penitentiary for a period of 25 years.

From the testimony of H. L. Ritchie, the alleged injured party, his drug store was entered by the appellant, who, producing a pistol, aiming it at the head of the witness, and threatening to kill him, caused him to hold up his hands and sit down on the floor with his back to the appellant while he robbed the cash drawer of about $150 in money. The appellant was not masked, but had grease spots on his face, apparently so placed on purpose. Ritchie was positive in his testimony touching the identity of the appellant. Thomas, who was also a victim of the robbery, was

positive in identifying the appellant as the offender.

Appellant testified in his own behalf, and denied his identity as the robber, claiming that he was at a dance at Dal-Oak at the time the robbery was committed.

No complaints of the procedure are brought up for review. The indictment appears regular, and the evidence is sufficient.

The judgment is affirmed.